UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THOMAS PARKER** | * | CIVIL ACTION NO._____ |
| | * | |
| **VERSUS** | * | JUDGE:_____ |
| | * | |
| **MORNINGSTAR CABLE SOLUTIONS,** | * | MAGISTRATE. JUDGE: |
| **INC., ERIE INSURANCE EXCHANGE,** | * | _____ |
| **AND TYLER BROADNAX** | * | |
| | * | |
| **FILED:_____** | * | CLERK:_____ |

## COMPLAINT

**NOW INTO COURT**, comes Plaintiff, THOMAS PARKER, person of the full age of majority and domiciliary of Louisiana, who avers the following:

**I.**

Named Plaintiff herein is:

A. **THOMAS PARKER**, who is a person of the full age of majority with procedural capacity to bring this action and a domiciliary of St. Tammany Parish, State of Louisiana;

**II.**

Named Defendants herein are:

A. **Erie Insurance Exchange**, (Hereinafter referred to as "ERIE"), a foreign insurance company authorized to do and doing business within the State of North Carolina, who insured the driver and company operating within Louisiana and the jurisdiction of this Court;

B. **MorningStar Cable Solutions, Inc.**, (Hereinafter referred to as "Morningstar"), a foreign corporation, authorized to do and doing business within the State of Louisiana and the jurisdiction of this Court, and which is the owner of the vehicle and the employer of the Defendant driver that caused the accident herein, who is incorporated

1

within the state of North Carolina and whose principal place of business is in North Carolina; and

**C. Tyler Broadnax**, [hereinafter "Defendant driver"], who is a person of full age of majority domiciled in Marrero, Louisiana with procedural capacity to defend this action and who is alleged to be the driver of the vehicle that caused the accident herein, and who is domiciled at 378 McLee Rd. Lexington, SC 29073.

### III.

### JURISDICTION AND VENUE

Venue is proper in the Eastern District of Louisiana, as the wreck at issue in this litigation occurred within St. Tammany Parish, which is within this District, and as Plaintiff is a domiciliary and resident of the Eastern District of Louisiana.

### IV.

This Court has diversity jurisdiction to hear this suit as Plaintiff is a citizen of a different state from all Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff has undergone surgery, injections, therapy, and other medical treatment as a result of this wreck, giving rise to damages exceeding seventy-five thousand dollars. As a result, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### V.

### FACTS

On or about September 23, 2021, Plaintiff, Thomas Parker, was driving in the right lane on Gause Blvd. in Slidell, LA proceeding straight ahead.

### VI.

Defendant driver was driving a commercial vehicle in the middle lane of Gause, then while approaching Camp Villere Road, Defendant driver made a sudden right hand turn from the middle lane and across the right lane to turn onto Camp Villere Rd.

**VII.**

Defendant driver drove his vehicle violently into the driver's side of Plaintiff's vehicle, running Plaintiff's vehicle virtually off the road.

**VIII.**

Defendant driver caused the collision and his negligence was the cause-in-fact and legal cause of the collision at issue herein.

**IX.**

As a result of the negligence and other conduct of Defendant driver, the collision caused Plaintiff's personal injuries.

**X.**

**CAUSE OF ACTION – NEGLIGENCE**

The accident was caused by no fault of Plaintiff but instead was caused by the negligence of the Defendant driver and said negligence was the sole, proximate and legal cause of the accident and consisted of the following non-exclusive particulars:

a. Operating a motor vehicle in a careless and reckless manner;

b. Failing to keep a proper lookout;

d. Failing to maintain control of his vehicle;

3

    e.    Failing to keep proper lookout and failing to see what he should have seen;

    f.    Failing to timely apply his brakes;

    g.    Failing to use due diligence;

    h.    Failing to keep his vehicle within his lane of travel to avoid hitting vehicles in other lanes of travel;

    i.    Making a turn onto a street from the middle lane and across the right lane; and

    j.    Any and all other acts of negligence that are proven at trial of this matter all of which were in contravention of the exercise of due care, prudence, and the laws of the Louisiana and St. Tammany Parish which are specifically pleaded as if and as though copied herein *in extenso*.

## XI.

The negligent acts or omissions described in the preceding paragraph were both the legal cause and cause-in-fact of the damages Plaintiff sustained as a result of this accident.

## XII.

At all times material to this litigation, Defendant driver was an employee of Defendant, **Morningstar**, and at all times, Defendant driver was in the course and scope of his employment with Defendant, **Morningstar**.

## XIII.

Pursuant to Louisiana law and the doctrine of vicarious liability and *respondeat superior*, Defendant, **Morningstar**, is liable for all conduct of Defendant driver at issue in this litigation.

## XIV.

## **DAMAGES**

As a result of the accident in question, Plaintiff suffered the following non-exclusive damages:

a. Past, present and future medical expenses;

b. Past, present and future physical pain and suffering;

c. Past, present and future mental and emotional pain and suffering;

d. Past, present and future aggravation, inconvenience and loss of enjoyment of life;

e. Permanent disability and/or anatomical impairments;

f. Past and future loss wages and/or earning capacity;

g. Property damage to his vehicle, loss of use, rental expenses, towing charges, storage fees, and other damages associated with the property damage to his vehicle;

h. Penalties and attorneys' fees for the failure of Defendants to pay the property damage, rental charges, towing expenses, and storage charges of Plaintiff within the statutorily proscribed timeframe to make such payments following the wreck; and

i. All other damages which are proven at trial of this matter.

## XV.

At all material times mentioned herein and at the time of the accident that is the subject of this Petition, Defendant driver was acting within the course and scope of his employment with Defendant, **Morningstar**, such that Defendant, **Morningstar**, is responsible and vicariously liable

under the doctrine of respondent superior for all acts of negligence of Defendant driver that are alleged herein.

## XVI.

At all material times mentioned herein and at the time of the accident that is the subject of this Petition, Defendant, **Morningstar**, was the lawful owner of the vehicle driven by Defendant driver at the time of the accident. At all times mentioned herein and at the time of the accident that is the subject of this Petition, Defendant driver was the authorized user of the vehicle he was operating at the time of the accident.

## XVII.

### DIRECT ACTION

At the time of the accident in question, and at all material times mentioned herein, there existed a policy of automobile insurance between Defendants, **Morningstar and Erie**, and under the terms of said policy, **Erie** agreed to pay on behalf of Defendants, **Morningstar and Defendant driver**, any and all damages as are alleged herein by Plaintiff up to the limits of liability under its policy.

## XVIII.

### CONCLUSION

**WHEREFORE**, Plaintiff, Thomas Parker, prays that a copy of the above and foregoing Petition for Damages be served upon Defendants herein and that they be duly cited and ordered to answer same, and that after due proceedings are had, there be judgment herein in favor of Plaintiff, Thomas Parker, and against Defendants, **Morningstar, Tyler Broadnax, and Erie**, jointly,

severally, and in solido for all damages as are alleged herein, all costs of these proceedings, judicial interest from date of judicial demand until paid, and all general and equitable relief.

Respectfully submitted:

_____
Dominick F. Impastato, III, (#29056)
John W. Norwood, IV, (#29368)
FRISCHHERTZ & IMPASTATO, L.L.C.
1140 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 523-1500
Facsimile: (504) 581-1670
Email: dominick@fi-lawfirm.com
***ATTORNEYS FOR PLAINTIFF***

**PLEASE ISSUE SUMMONS TO BE SERVED:**

**ERIE INSURANCE EXCHANGE**
Through its President
Timothy G. NeCastro
100 Erie Insurance Place
Erie, PA 16530-0001

**TYLER BROADNAX**
378 McLee Rd.
Lexington, SC 29073

**MORNINGSTAR CABLE SOLUTIONS, INC.**
Through its registered agent
LegalCorp Solutions, LLC
5540 Centerview Dr., Suite 200
Raleigh, NC 27606