UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS PARKER | * | CIVIL ACTION NO.: 22-cv-03149 |
| VERSUS | * | JUDGE ELDON E. FALLON |
| MORNINGSTAR CABLE SOLUTIONS, INC., ERIE INSURANCE EXCHANGE, AND TYLER BROADNAX | * | MAGISTRATE JUDGE MICHAEL NORTH |

### ORDER AND REASONS

The Court has before it Defendant Erie Insurance Exchange's Motion to Dismiss Plaintiff's complaint for lack of jurisdiction. R. Doc. 4. Plaintiff has responded in opposition. R. Doc. 5.

Erie argues that this Court lacks subject matter over this dispute because complete diversity does not exist between the parties. On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), it is Plaintiff's burden to demonstrate that jurisdiction exists. *See Howry v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Plaintiff asserts that he is a citizen of Louisiana, while Erie is a Pennsylvania corporation, and that therefore federal jurisdiction exists. But Erie Insurance Exchange is not a corporation; it is a reciprocal insurance exchange, as other courts have consistently recognized. *See Ritz v. Erie Indem. Co.*, 2019 WL 438086 (W.D.Pa. Feb. 4, 2019) ("Erie Insurance Exchange … is a subscriber-owned reciprocal insurance exchange organized under Pennsylvania law"); *Beltz v. Erie Indem. Co.*, 733 Fed.Appx. 595 (3d Cir. 2018) (recognizing same); *Erie Ins. Exch. v. Stover*, 619 Fed. Appx. 118 (3d Cir. 2015) (recognizing same); *Erie Ins. Exch. v. Midea Am. Corp.*, 2016 WL 6948288 (M.D.Pa. Nov. 22, 2016) (recognizing same).

As a reciprocal insurance exchange, Erie is deemed a citizen of every state in which its policyholders reside for purposes of diversity jurisdiction. *See Erie Ins. Exch. v. Greenwich Ins. Co.*, 2016 WL 1404162 (E.D.Pa. Apr. 11, 2016); *Erie Ins. Exch. v. Midea Am. Corp.*, 2016 WL 6948288 (M.D.Pa. Nov. 22, 2016); *Erie Ins. Exch. v. Research Prods. Corp.*, 2016 WL 1238811 (W.D. Pa. Mar. 30, 2016) ("Courts have long recognized that reciprocal exchange insurance associations …do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member"). In this case, Erie has demonstrated that it has policyholders in the state of Louisiana. *See* R. Doc. 41-2. Therefore, Erie is a citizen of Louisiana. Since Plaintiff is also a citizen of Louisiana, this Court cannot assert diversity jurisdiction, and thus lacks subject matter jurisdiction over this dispute.

Accordingly, Erie's Motion to Dismiss is GRANTED.

New Orleans, Louisiana, this 8th day of May, 2023.

_____
United States District Judge